803 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SAMUEL A. TAMBI, Petitioner-Appellant
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.
 No. 85-3537.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1986.
 
 Before: MARTIN and GUY, Circuit Judges; and SUHRHEINRICH,* District Judge.
 PER CURIAM.
 
 
 1
 Samuel A. Tambi petitions for review of the Board of Immigration Appeals denial of his application for suspension of deportation under section 224(a)(1) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1254(a)(1). Under section 224(a)(1), the Attorney General at his discretion may suspend the deportation of an alien who can prove that he has been physically present in the United States for a continuous period of at least seven years, that he is of good moral character, and that his deportation will "result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States." The Attorney General has delegated this authority and discretion to immigration judges of the Immigration and Naturalization Service and their decisions are subject to review by the Board of Immigration Appeals. See 8 C.F.R. Secs. 242.8, 242.21.
 
 
 2
 In this case, the immigration judge held a hearing and issued on October 12, 1982, his decision denying the application for suspension of deportation and granted Tambi voluntary departure. The judge discussed at length that Tambi had made false claims of being a United States citizen and that he had been involved in a fraudulent marriage for immigration purposes. The judge also stated that Tambi had argued that he was not a person of bad moral character and had claimed that hardship to himself and his child would result from his deportation. The judge concluded:
 
 
 3
 On the basis of all the evidence on record I will deny the respondent's application for suspension of deportation filed under the provisions of Section 244(a)(1) of the Immigration and Nationality Act as a matter of discretion.
 
 
 4
 While I am unimpressed with the logic of the respondent's argument that good moral character has been proved since bad moral character has not been proved and since it is not necessary to evaluate the petty behavior of the respondent in many of his activities and since a fraudulent marriage is a serious matter in the immigration law, all these facts were taken into consideration in the exercise of discretion and in arriving at the decision made in this case.
 
 
 5
 On June 4, 1985, the Board of Immigration Appeals dismissed the appeal of the immigration judge's decision. The Board stated:
 
 
 6
 We concur in the immigration judge's decision. The record indicates that the respondent entered into a fraudulent marriage, that he made false claims to being a United States citizen in order to obtain employment, and that he obtained a security clearance by falsely claiming he was a United States citizen.
 
 
 7
 ----
 
 
 8
 In view of the respondent's surreptitious conduct and flagrant disregard for our immigration laws, we conclude that the immigration judge did not abuse his discretion in denying the suspension application. Accordingly, the appeal will be dismissed.
 
 
 9
 On appeal, Tambi claims the Board abused its discretion by relying only on the unfavorable factors in his application; he argues that such factors as his educational attainments and reputation in the community should have been considered. He also claims that the Board's conclusions regarding his infractions are "based on an inadequate, incorrect, and distorted assessment of the record."
 
 
 10
 The Board's decisions in immigration matters are to be reviewed for an abuse of discretion. This Court's standard of review has been concisely stated:
 
 
 11
 In determining whether the Board abused its discretion, this Court must decide whether the denial of Petitioner's motion to reopen deportation proceedings was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.
 
 
 12
 Balani v. Immigration & Naturalization Service, 669 F.2d 1157, 1161 (6th Cir. 1982). In reviewing a decision of the Board of Immigration Appeals, the Fifth Circuit stated that the Board
 
 
 13
 has no duty to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.
 
 
 14
 Osuchukwu v. I.N.S., 744 F.2d 1136, 1142-43 (5th Cir. 1984). This Court will examine whether the Board's "explanation of its decision was grounded in legitimate concerns about the administration of the immigration laws and was determined on the basis of [Tambi's] particular conduct." I.N.S. v. Rios-Pineda, 105 S. Ct. 2098, 2103 (1985).
 
 
 15
 It is clear from the record that the immigration judge considered all the relevant factors of Tambi's particular conduct. The Board's decision read as a whole reflects that the Board "heard and thought and not merely reacted" to Tambi's situation. The Board expressly concurred in the immigration judge's decision and gave its specific reasons for determining that the immigration judge did not abuse his discretion. We consider the Board's explanation rational and clearly grounded in legitimate concerns about Tambi's disregard of the nation's immigration laws. The decision was not shown to be inconsistent with established policies nor resting on an impermissible basis.
 
 
 16
 The Court also finds Tambi's claim that the evidentiary basis is insufficient or distorted to be without merit. The record contains job applications in which Tambi made false claims concerning his citizenship. The sworn affidavit of Tambi's second wife claiming Tambi paid her to enter into a marriage "so he could get his immigration papers" was also in the administrative record. Such an affidavit is admissible in an immigration hearing, despite its hearsay nature, so long as the petitioner against whom it is offered has a reasonable opportunity to cross-examine the affiant. See Dallo v. I.N.S., 765 F.2d 581, 586 (6th Cir. 1985). Here Tambi waived any cross-examination of his second wife. In addition to these primary documents in the record, Tambi's attorney wrote a letter on his behalf to the immigration judge. That letter stated explicitly:
 
 
 17
 [T]he purpose of this Memorandum is to support [Tambi's] contention that, notwithstanding his admission that the pertinent events did in fact occur, they should not preclude you from finding that he is, indeed, an individual of good moral character. The events in question are as follows: false claim to American citizenship on an employment application; false claim to American citizenship in connection with an industrial security clearance required for employment; and the filing of an immediate relative petition and a permanent visa application based on a marriage of "convenience."
 
 
 18
 Letter from Bernard G. Boiston to Judge Adolph Angelilli (June 16, 1982) (emphasis added). Sufficient and substantial evidence exists to support the Board's decision.
 
 
 19
 Petition for review denied.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, United States District Judge for the Eastern District of Michigan, sitting by designation